UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE ARCHIMBAUD,<br><br>                  Plaintiff,<br><br>v.<br><br>GANNETT COMPANY, INC./USA TODAY,<br><br>                  Defendant. | Case No.: 23-CV-2133<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Andre Archimbaud, ("Plaintiff") by and through his attorneys, Danny Grace PLLC, as and for his Complaint in this action against Gannett Company, Inc./USA Today, ("Gannett" or "Defendant") alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive, equitable relief, as well as monetary damages to redress Defendant's unlawful employment practices against Plaintiff, including discriminatory and retaliatory treatment of Plaintiff in violation the Americans with Disability Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§12101 et. Seq. ("ADA"); the New York State Human Rights Law, New York Executive Law §§ 290 et. Seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§8-101et. seq. ("NYCHRL").

1

2. Defendant, its owners, managers, and employees intentionally, unlawfully and recklessly treated Plaintiff in a discriminatory manner based on his disability.

3. After Plaintiff complained about such unlawful treatment and asserted his rights under the A.D.A., NYSHRL and NYCHRL, Defendant retaliated and terminated Plaintiff absent any other cause.

4. Defendants' conduct was knowing, malicious, willful, and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, and severe mental anguish and distress.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding Defendant's discrimination of the Plaintiff based on his disability.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367 (a).

8. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §1391, because Defendants regularly transact business in the State of New York and the Southern District of New York.

## PROCEDURAL REQUIREMENTS

9. Prior to the commencement of this action, Plaintiff filed a verified charge to the Equal Employment Opportunity Commission ("EEOC") (November 3, 2022), charging

Defendants with unlawful discrimination in relation to Plaintiff's employment and arising out on the same facts alleged herein.

10. Plaintiff received a Right to Sue letter from the EEOC on February 7, 2023.

11. Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§ 8-502 of the New York City Administrative Code.

12. This Complaint has been filed within 90 days of Plaintiff's receipt of Right to Sue letter.

13. Any and all other prerequisites to the filing of this suit have been met.

## **PARTIES**

14. Plaintiff is a former employee of Defendant and resides in, as well as is a citizen of, the State of New York.

15. At all relevant times, Plaintiff met and meets the definition of an employee and a qualified individual with a disability under applicable laws.

16. Plaintiff began his employment with Defendant in January 2010, and remained employed full-time, working at least 40 hours every week, and 1,250 hours in twelve months in the Southern District of New York, until his unlawful termination at the end of December 2021.

17. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

18. Defendant Gannett is a subscription-led, and digitally focused media and marketing solutions company.

19. Defendant has a portfolio of local media outlets, including USAToday, in 45 states across the United States, as well as Newsquest, which operates 120 local media brands in the United Kingdom.

20. Defendant maintains its headquarters at 7950 Jones Branch Drive, McLean, Virginia, 22107-0150.

21. Defendant is a foreign business corporation incorporated in the State of Delaware.

22. Defendant regularly transacts business in the State of New York, and maintains an office at 1633 Broadway 25th floor, New York, NY 10019, in the Southern District of New York.

23. At all relevant times, Defendant was Plaintiff's direct employer.

24. At all relevant times, Defendant met the definitions of "employer" under all applicable statutes.

**FACTUAL STATEMENT**

25. Plaintiff began his employment with Gannett in January 2010, and at the time of his unlawful termination was employed as a Senior Digital Marketing Consultant.

26. During his tenure with Defendant, Plaintiff was often at the top 5-15% of the salesforce.

27. Plaintiff also earned the National President's Club award multiple years.

28. In January or February 2019, Plaintiff's wife filed for divorce.

29. The first day in court was in June 2019.

30. On December 4, 2019, Plaintiff's divorce was finalized.

31. On December 29, 2019, Plaintiff's uncle passed away.

32. Plaintiff suffered the losses of his parents on April 10th and 11th, 2020, respectively.

33. On December 3, 2020, Plaintiff suffered the loss of another uncle.

34. The emotional and psychological impact of these events, occurring so close together over the course of roughly a single year, was devastating to Plaintiff.

35. In spite of this, Plaintiff continued to focus on servicing Gannett's clients and working to increase its client base.

36. Due to the onset of COVID-19, however, and in spite of Plaintiff's continued and best efforts, business became increasingly difficult.

37. In January 2021, Plaintiff was placed on a performance improvement plan.

38. While Plaintiff was steadfast in his belief that the quality of his work was not responsible for any downturn in productivity, he accepted and took very seriously any and all coaching suggestions given by his manager(s) at Gannett.

39. During this time, and again, in spite of the limitations that COVID-19 presented to the business community, and in spite of his being placed on a performance improvement plan, Plaintiff worked to land a lucrative client for the Company, Tipico, a company where Plaintiff had a professional contact and old friend.

40. Plaintiff was then told that Gannett was in the process of trying to finalize a larger, company-wide partnership with Tipico.

41. Understandably, Plaintiff believed that he was deserving of a commission from the extensive efforts he had made to build the relationship with Tipico.

42. Instead, the client was taken from him and no commission was given, all without explanation.

43. Ultimately, the enormous stress associated with the death of his family members as well as his divorce, coupled with the professional blow of losing Tipico and any associated

commissions, took its toll on Plaintiff's mental health, and on June 29, 2021, at the suggestion of medical professionals, Plaintiff reluctantly took disability leave.

44. Plaintiff was diagnosed with a major depressive disorder and an anxiety disorder.

45. His symptoms included depression and intense stress, contributing to an inability to cope or manage difficult work tasks or environment, difficulty in concentration and focus, poor energy and motivation, and an inability to perform strenuous tasks or handle interpersonal stress due to depression and anxiety.

46. During the time of his leave, he continued to keep Gannett management informed about the terrible family tragedies that he was coping with and the effects of these tragedies on his mental health.

47. On November 16, 2021, upon his return to work following disability leave, Plaintiff was informed that his job was no longer available, in direct violation of the ADA.

48. At the end of December 2021, Plaintiff was informed that his last day with the company would be January 7, 2022.

49. On January 4, 2022, Plaintiff filed a formal complaint with Gannett.

50. On January 6, 2022, Plaintiff again sent a letter to Gannett, and added an additional complaint of retaliatory termination.

51. Inexplicably, Plaintiff was reinstated, only to then be placed on unpaid administrative leave, a de facto termination, without any accommodation having been made for his disability.

52. Defendant then terminated Plaintiff effective March 1, 2022, absent any other cause.

53. While Plaintiff was assured that his discrimination complaint would be fully investigated, he was merely presented with a letter from Gannett, wherein Gannett claimed that an investigation had been completed and that discrimination was not a factor in Plaintiff's termination.

54. The Company's abrupt termination of Plaintiff constitutes an unlawful retaliation in clear violation of the ADA, NYSHRL, and NYCHRL, which expressly prohibit covered employers from retaliating and terminating an employee based on a disability. Gannett was fully aware of Plaintiff's disability, and that he took medical leave to address it. Taking such leave constitutes a protected activity.

55. Gannett did not make an attempt to accommodate Plaintiff's disability.

56. Further, Gannett was obligated to engage in, at the very least, an interactive dialogue as required by law. On the contrary, the Company terminated Plaintiff so they would not have to cope with a disabled employee.

57. Additionally, the temporal proximity between Plaintiff's medical leave and his abrupt termination undeniably shows a causal connection between his protected activity and the adverse employment action taken against him, which constitutes retaliation.

58. This Complaint ensues.

### FIRST CAUSE OF ACTION
#### (Discrimination in Violation of the ADA)

59. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

60. Defendant is subject to the ADA as an employer with an excess of 15 employees.

61. Plaintiff was disabled within the meaning of the ADA and was otherwise qualified to perform the essential functions of his job with or without reasonable accommodation.

62. Plaintiff participated in a protected activity by requesting a reasonable accommodation for his disability and Defendant was aware of this request, as well as his disability.

63. Instead of granting Plaintiff's request for a reasonable accommodation, Defendant terminated Plaintiff based on his disability, constituting an adverse employment action.

64. A causal connection exists between Plaintiff's protected requests and the adverse employment action.

65. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

66. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

67. Defendant's unlawful and retaliatory conduction in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**(Retaliation in violation of the ADA)**

68. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

69. Plaintiff participated in a protected activity by requesting a reasonable accommodation for his disability and Defendant was aware of this request, as well as his disability.

70. Instead of granting Plaintiff's request for a reasonable accommodation, Defendant terminated Plaintiff.

71. A causal connection exists between Plaintiff's protected requests and the adverse employment action.

72. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

73. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

74. Defendant's unlawful and retaliatory conduction in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**(Discrimination in Violation of the NYSHRL)**

75. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

76. Defendant discriminated against Plaintiff on the basis of his disability by terminating his employment with Defendant.

77. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

78. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental and anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

79. Defendant's unlawful and discriminatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### FOURTH CAUSE OF ACTION
**(Retaliation in Violation of the NYSHRL)**

80. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

81. Requesting a reasonable accommodation in the workplace for a disability constitutes a protected activity as defined by the NYSHRL.

82. Defendant retaliated against Plaintiff in violation of the NYSHRL by, inter alia, terminating Plaintiff because of his protected activities.

83. As a direct and proximate results of Defendant's unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages.

84. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotion distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which he is entitled to an award of monetary damages and other relief.

85. Defendants' unlawful and retaliatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)

86. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

87. Defendant discriminated against Plaintiff on the basis of his disability by, inter alia, terminating Plaintiff.

88. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

89. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental and

anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

90. Defendant's unlawful and discriminatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**

91. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

92. Requesting a reasonable accommodation in the workplace for a disability constitutes a protected activity as defined by the NYCHRL.

93. Defendant retaliated against Plaintiff in violation of the NYCHRL by, inter alia, terminating Plaintiff because of his protected activities.

94. As a direct and proximate results of Defendant's unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotion distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which he is entitled to an award of monetary damages and other relief.

95. Defendant's unlawful and retaliatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the Americans with Disability Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§12101 et. Seq. ("ADA"); the New York State Human Rights Law, New York Executive Law §§ 290 et. Seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§8-101et. seq. ("NYCHRL");

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to the loss of pass and future income, wages, compensation, job security and other benefits of employment;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

E.  An award of punitive damages, pursuant to the ADA, NYSHRA and NYCHRA in an amount to be determined at trial;

F.  An award of liquidated damages, pursuant to the ADA, NYSHRA and NYCHRA in an amount to be determined at trial;

G.  An award of damages for any and all other monetary and/or non-monetary damages losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by laws; and

I.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff herein demands a trial by jury as to all issues so triable.

Dated: March 13, 2023
   New York, New York                    Respectfully submitted,

                                         DANNY GRACE PLLC
                                         *ATTORNEYS FOR PLAINTIFF*

                                         225 BROADWAY, SUITE 1200
                                         NEW YORK, NY 10007
                                         (516) 748-9848


                                         _____/S/_____
                                         DANIEL GRACE, ESQ.
                                         DOUGLAS MACE, ESQ.